# IN THE COURT OF APPEALS OF IOWA

No. 24-1119
Filed February 5, 2025

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**DUSTIN KINGSLEY MILLER,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Warren County, Charles C. Sinnard, Judge.

        A criminal defendant appeals the discretionary sentence imposed after revocation of his deferred judgment following a guilty plea. **AFFIRMED.**

        Raya D. Dimitrova of Carr Law Firm, P.L.C., Des Moines, for appellant.

        Brenna Bird, Attorney General, and Joseph D. Ferrentino, Assistant Attorney General, for appellee.

        Considered by Ahlers, P.J., and Badding and Buller, JJ.

**BULLER, Judge.**

Dustin Miller appeals from the revocation of his deferred judgment and the imposition of a discretionary sentence following his guilty plea to one count of intimidation with a dangerous weapon, a class "C" felony in violation of Iowa Code section 708.6(1) (2023). The underlying facts concern Miller having an argument with his wife that culminated in Miller brandishing a handgun and threatening to shoot and kill her, then threatening to shoot deputy sheriffs who responded to a report of the disturbance. Miller pled guilty, conceding the strength of the State's evidence but not admitting guilt. *See North Carolina v. Alford*, 400 U.S. 25, 37–38 (1970). The district court deferred judgment but later found Miller violated the terms of his probation in multiple ways, including new acts of violence and aggression toward his family. The court revoked Miller's deferred judgment and sentenced him to prison, which he asserts was an abuse of discretion.

At a contested sentencing hearing, the State recommended incarceration based on Miller's failure to rehabilitate and comply with the terms of his deferred judgment, his reluctance to seek mental-health counseling or treatment until after he faced two reports of probation violations, the stipulated and founded reports he was violent toward his family while on probation, and the danger to the public reflected by both the criminal offense and the probation violations. Miller, through counsel, stressed that he had mental-health needs best met on probation rather than in prison. In a lengthy and disjointed allocution, Miller expounded upon the various events that led him to sentencing, largely blaming others for exacerbating his underlying mental-health problems and urging that he was not a "threat to society" despite his violent behavior. In response to Miller's claim he did not have

a criminal history, the county attorney clarified that Miller actually had prior convictions for assault, indictable trespass causing damage, and second-offense operating while intoxicated.

In revoking the deferred judgment and imposing a prison sentence, the district court expressly considered Miller's mental-health needs but found them outweighed by Miller's failure to rehabilitate, his choice not to timely seek treatment when given a second (and third) chance, his need for a structured environment, and his inability to control his violent impulses.

"[T]he decision of the district court to impose a particular sentence within the statutory limits is cloaked with a strong presumption in its favor, and will only be overturned for an abuse of discretion or the consideration of inappropriate matters." *State v. Formaro*, 638 N.W.2d 720, 724 (Iowa 2002). Similarly, "[t]he district court has broad discretion in determining whether probation should be continued or revoked," and we "will overturn a revocation of probation only if there has been an abuse of discretion." *State v. Covel*, 925 N.W.2d 183, 187–88 (Iowa 2019). To show an abuse of discretion, a defendant bears the burden to affirmatively show that the district court relied on improper factors or clearly untenable grounds. *State v. Sailer*, 587 N.W.2d 756, 759, 762 (Iowa 1998).

The district court follows "a straightforward two-step analysis for revocation decisions." *Covel*, 925 N.W.2d at 187. The first considers whether the defendant violated one or more terms of probation. *Id.* That step was met here and it's uncontested by Miller. The second step, which Miller challenges on appeal, considers whether to revoke the deferred judgment and what sentence to impose. *Id.*

Miller complains that the sentencing court "should have given more weight to [his] positive efforts while on probation" and his "minimal criminal history," which he believes weighed against revoking the deferred judgment and incarceration. But the sentencing court did consider these factors—Miller just doesn't like the weight the court assigned them or the court's ultimate conclusion. "[M]ere disagreement with the sentence imposed, without more, is insufficient to establish an abuse of discretion." *State v. Pena*, No. 15-0988, 2016 WL 1133807, at *1 (Iowa Ct. App. Mar. 23, 2016); *see Covel*, 925 N.W.2d at 189 ("[T]he court did not err in the sentence it imposed because it imposed the sentence that Covel would have served but for the deferred judgment . . . ."). As Miller does not point to any improper factors or clearly untenable grounds in the district court's reasons for sentence, we discern no abuse of discretion.

**AFFIRMED.**